# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KATHY DOLPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  3:19-cv-291 |
| | ) | |
| WALMART, INC. | ) | |
| SAM'S CLUB | ) | |
| WALMART, INC. D/B/A | ) | |
| SAM'S CLUB | ) | |
| WALMART SUPERCENTER | ) | |
| WAL-MART SUPERCENTER | ) | |
| WALMART | ) | |
| WAL-MART STORES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant, Sam's East, Inc., improperly named as Sam's Club and defendant Walmart Inc., improperly named as Walmart, Inc. d/b/a Sam's Club, Walmart Supercenter, Wal-Mart Supercenter, Walmart, and Wal-Mart Stores, Inc., by and through its attorneys, Rebecca L. Van Court of DeFranco & Bradley, P.C., removes this case to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1446 upon the following grounds:

1.  Plaintiff filed suit in the Twentieth Judicial Circuit, St. Clair County, Illinois for injuries she sustained on February 4, 2017, when pallets allegedly fell on plaintiff at the O'Fallon, Illinois Sam's Club store. (Complaint, Count I, ¶ 11).

## VENUE

2.  There is now commenced and pending in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, a certain civil action designated as No. 2019-L-000069, in which Kathy Dolphy is the plaintiff and defendant Sam's East, Inc., improperly named as Sam's

Club, and defendant Walmart Inc. improperly named Walmart, Inc., d/b/a Sam's Club, Walmart Supercenter, Wal-Mart Supercenter, Walmart and Wal-Mart Stores, Inc. are defendants.

3. Venue lies in the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1446(a) because the original action was filed in St. Clair County, Illinois which is within the Southern District of Illinois.

## DIVERSITY OF CITIZENSHIP

4. The district courts for the United States have original jurisdiction over this litigation pursuant to 28 U.S.C. § 1332.

5. Diversity of citizenship exists between plaintiff and defendants as required by 28 U.S.C. § 1332(a).

6. Plaintiff is now and was at the commencement of this action a citizen of the State of Illinois.

7. Defendant Sam's East, Inc., improperly named as Sam's Club, is now and was at the commencement of this action a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Arkansas. Sam's East, Inc. is a citizen of the States of Delaware and Arkansas.

8. Defendant Walmart Inc., improperly named as Walmart, Inc., d/b/a Sam's Club, Walmart Supercenter, Wal-Mart Supercenter, Walmart and Wal-Mart Stores, Inc. is now and was at the commencement of this action a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Arkansas. Walmart Inc. is a citizen of the States of Delaware and Arkansas.

## AMOUNT IN CONTROVERSY

9. Plaintiff Kathy L. Dolphy, in Count I of the complaint, alleges damages in excess of $50,000.00 (See Complaint, Count I, and attached Rule 222 Affidavit signed by plaintiff's counsel). Plaintiff claimed that as a result of the alleged incident, she suffered "permanent injuries to her right knee and other internal and external organs." (Complaint, Count I, ¶ 15). She alleges that she spent sums on hospitals and physicians and will require future medical treatment. She alleges she missed numerous days of work in the past and will miss numerous days in the future. (Complaint, Count I, ¶ 15).

10. If a complaint does not establish the amount in controversy, then the party seeking removal must show by a preponderance of the evidence that the monetary threshold has been crossed. *Andrews v. E.I. Du Pont De Nemours & Co.*, 1447 F.3d 510, 515 (7th Cir. 2006).

11. The Seventh Circuit Court of Appeals in *Meridian Securities Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006) held that evidence may be presented from interrogatories, contentions, and admissions in state court, calculations of damages in the complaint, reference to plaintiff's settlement demands or informed estimates, or by introducing affidavits from employers or experts about how much it may cost to satisfy plaintiff's demands.

12. Plaintiff submitted medical bills and a demand pre-suit. Plaintiff alleges her medical bills are $39,242.97. (Demand, attached as Exhibit A). She also issued a demand in the amount of $196,214.85. (Exhibit A).

13. Although settlement offers and settlement negotiations are not admissible to prove liability and are generally inadmissible under Federal Rules of Evidence 408, a court can examine settlement demands to indicate what the "stakes" are in the case for purposes of the amount in controversy. *See Meridian Securities Ins. Co. v. Sadowski,* 441 F.3d 536, 541 (7th Cir. 2006) and

*Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006). As explained in *Rising-Moore*, a plaintiff's willingness to settle for an amount with certainty, implies that the stakes at trial would exceed that settlement demand. *Id.* at 816. See also *Jones v. Supervalu*, 2008 WL 4572502 (C.D. IL 2008).

14. It is clear from plaintiff's demand of $196,214.85, plaintiff believes her case is worth at least $196,214.85 (with certainty), and therefore, the amount in controversy exceeds $75,000, exclusive of interest and costs.

15. Based on the $39,242.97 in medical specials, plaintiff's prayer for relief of over $50,000, and plaintiff's recent demand of $196,214.85, the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

16. The District Courts adhere to a policy favoring prompt removal of cases so that a defendant should effect removal when it appears likely from the face of the complaint that the amount in controversy exceeds $75,000, even when the complaint does not explicitly demand a figure exceeding $75,000. *McCoy v. General Motors Corp.*, 226 F.Supp.2d 939, 941 (N.D. Ill. 2002) ("courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount"); *Fields v. Jay Henges Enterprises, Inc.*, 2006 WL 1875457, at 3 (S.D. Ill. 2006). In *Fields*, the court held that:

> The purpose of requiring prompt removal of cases in which federal jurisdiction is apparent on the face of a complaint is to avoid gamesmanship. The "policy and purpose of Congress [is] to effect removals as early as possible and avoid unnecessary delay." *Gilardi v. Atchison, Topeka & Santa Fe Ry. Co.*, 189 F. Supp. 82, 85 (N.D. Ill.1960). Correspondingly, courts should not encourage parties to "hold [ ] back" their "federal cards." *Wilson*, 668 F.2d at 966. "If a [defendant] has good grounds to remove a case to federal court, it cannot experiment in state court before seeking removal." *Gallagher v. Max Madsen Mitsubishi*, No. 90 C 0508, 1990 WL

> 129611, at *5 (N.D. Ill. Aug. 27, 1990). When a defendant fails to effect timely removal of a case that "[is] removable on the initial pleading, the plain language of ... [28 U.S.C.] § 1446(b) applies," so that "[if] the notice of removal [is] not filed within 30 days of the date [the defendant] was served with the original complaint, the removal [is] untimely." *Id.*

*Fields*, 2006 WL 1875457 at 3; see also *Century Assets Corp. v. Solow*, 88 F. Supp. 2d 659, 661 (E.D. Tex.2000) (noting that a complaint "can facially state a claim over the jurisdictional amount when there are no numbers in the [complaint] at all.").

17. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

## TIMELINESS

18. Plaintiff filed the Complaint on January 22, 2019 and served defendants with the Complaint and Summons on February 13, 2019.

19. This notice of removal was filed within thirty days after receipt by Walmart Inc. and Sam's East, Inc. of the initial pleading pursuant to 28 U.S.C. § 1446(b).

## NOTICE REQUIREMENTS

20. Written notice of the filing of this removal was given to plaintiff pursuant to 28 U.S.C. § 1446(d).

21. A copy of this notice of removal was filed with the Twentieth Judicial Circuit, St. Clair County, Illinois as required by 28 U.S.C. §1446(d).

22. A copy of all process and pleadings were filed contemporaneously with this notice of removal in accordance with 28 U.S.C. §1446(a).

WHEREFORE, defendant, Sam's East, Inc., improperly named as Sam's Club, and defendant Walmart Inc., improperly named as Walmart, Inc. d/b/a Sam's Club, Walmart Supercenter, Wal-Mart Supercenter, Walmart and Wal-Mart Stores, Inc., removes this case to the

United States District Court for the Southern District of Illinois and hereby request that the filing of this notice of removal shall effectuate the removal of said civil action to this Court.

**DEFENDANT DEMANDS TRIAL BY JURY**.

                         DeFRANCO & BRADLEY, P.C.

             By /s/Rebecca L. Van Court
                   Rebecca L. Van Court, #6290952
                   141 Market Place, Suite 104
                   Fairview Heights, IL 62208
                   (618) 628-2000
                   (618) 628-2007 Fax
                   vancourt@defrancolaw.com
                   ATTORNEYS FOR DEFENDANT

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KATHY DOLPHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. |
| | ) |
| WALMART, INC. | ) |
| SAM'S CLUB | ) |
| WALMART, INC. D/B/A | ) |
| SAM'S CLUB | ) |
| WALMART SUPERCENTER | ) |
| WAL-MART SUPERCENTER | ) |
| WALMART | ) |
| WAL-MART STORES, INC. | ) |
| | ) |
| Defendant. | ) |

## AFFIDAVIT

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF ST. CLAIR  )

    Rebecca L. Van Court, being duly sworn upon her oath, deposes and states that she is an attorney for defendant herein, that she has read the foregoing Notice for Removal and believes it to be true, and that she makes this affidavit as an agent authorized to execute same on behalf of defendants.

_____
REBECCA L. VAN COURT

SUBSCRIBED AND SWORN TO before me this ___12___ day of __Mar.____, 2019.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
MEGAN MUETH
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES JUNE 9, 2021

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KATHY DOLPHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. |
| ) | |
| WALMART, INC. ) | |
| SAM'S CLUB ) | |
| WALMART, INC. D/B/A ) | |
| SAM'S CLUB ) | |
| WALMART SUPERCENTER ) | |
| WAL-MART SUPERCENTER ) | |
| WALMART ) | |
| WAL-MART STORES, INC. ) | |
| ) | |
| Defendant. ) | |

### CERTIFICATE OF SERVICE

Rebecca L. Van Court, after being duly sworn upon her oath, deposes and states that she is an attorney for defendants in the above-entitled cause; that on the 12th day of March, 2019, she sent by e-mail and United States mail, properly addressed, with the requisite amount of United States postage thereon, in a secure envelope, a Notice, a copy of which is attached hereto, to counsel for all parties of record in the above-captioned cause, and that attached to said Notice was a copy of the Notice for Removal.

Affiant further says that on the 12th day of March, 2019, a copy of the Notice for Removal filed herein was also electronically filed with the Clerk of the Twentieth Judicial Circuit Court, St. Clair County, Illinois.

_____
REBECCA L. VAN COURT

SUBSCRIBED AND SWORN TO before me this 12 day of Mar., 2019.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
MEGAN MUETH
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES JUNE 9, 2021