# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois )
County of St. Clair ) S.S.

Case Number 19L0069

Amount Claimed _____

KATHY L. DOLPHY

VS

WALMART .

**Plaintiff(s)**

**Defendant(s)**

Classification Prefix _____ Code _____   Nature of Action _____ Code _____

Pltf. Atty. GARY A. MACK
Address 10 S. JACKSON SUITE 300-A          Code _____
City BELLEVILLE. IL 62220          Phone _____
Add. Pltf. Atty. _____ Code _____

**SUMMONS COPY**

To the above named defendant(s). . . . . . :

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
NAME  WALMART ,

ADDRESS CT CORPORATION
[208 SO LASALLE STREET SUITE 814
CITY & STATE  CHICAGO, IL 60604

☐ **A.** You are hereby summoned and required to appear before this court at
(court location) _____ _____ at _____ M. On _____ 20___
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may
be taken against you for the relief asked in the complaint.

☑ **B.** You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto
attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this
summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you
for the relief prayed in the complaint.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service
provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

*FOREIGN*

TO THE OFFICER:

This summons must be returned by the officer or other person to whom it was given for service, with
indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this
summons is applicable this summons may not be served less than three days before the day of appearance. If service
cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

KAHALAH A CLAY Circuit Clerk
1/25/2019
Monica Lewis

WITNESS, _____ 20___

_____
Clerk of Court

BY DEPUTY: _____

DATE OF SERVICE: _____ 20___
(To be inserted by officer on copy left with defendant
or other person)

I certify that I served this summons on defendants as follows:

**(a) – (Individual defendants – personal):**
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

Name of defendant                                              Date of service

_____         _____

_____         _____

_____         _____

_____         _____

**(b) - (Individual defendants - abode):**
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**(c) - Corporation defendants):**
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**(d) - (Other service):**

| SHERIFF'S FEES |
|---|
| Service and return _____ $ |
| Miles _____ . . . . . . . . . .$_____ |
| Total . . . . . . . . . . . . . . . . . . . . .$_____ |
| Sheriff of _____ County |

_____, Sheriff of _____County

_____, Deputy

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Monica Lewis
19L0069
St. Clair County
1/22/2019 12:48 PM
3629804

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

KATHY L. DOLPHY       )
   PLAINTIFF      )
             )
             )
VS.            )  NO. 19L0069
             )
             )
WALMART, INC.       )
SAM'S CLUB        )
WALMART, INC D/B/A     )
SAM'S CLUB        )
WALMART SUPERCENTER   )
WAL-MART SUPERCENTER   )
WALMART         )
WAL-MART STORES INC.    )
   DEFENDANTS     )
             )

## COMPLAINT
Count I

COMES NOW the Plaintiff Kathy L. Dolphy by and through her attorney Gary A.

Mack and for her Count I cause of action against the Defendant Walmart, Inc. states to the Court

as follows:

1. That on or about February 04, 2017 the Plaintiff Kathy L. Dolphy is and was at all times

mentioned herein, a resident of St. Clair County and the state of Illinois.

2. That on or about February 04, 2017 the Plaintiff Kathy L. Dolphy was an

invited guest at the Defendant Walmart, Inc.'s premises located at 1530 West Highway

50 in the city of O'Fallon county of St. Clair, state of Illinois.

4. That on or about February 04, 2017 the Defendant Walmart, Inc. owed and/or

maintained a retail store located at 1530 West Highway 50 in the city of O'Fallon

county of St. Clair, state of Illinois.

5. That at the time and place aforesaid, the Defendant Walmart, Inc. was and is a foreign corporation licensed to do business in the state of Illinois. The Defendant Walmart, Inc. is doing and conducting business in the county of St. Clair, Illinois.

6. That at the aforementioned time and place the Plaintiff Kathy L. Dolphy was lawfully on the premises of the Defendant Walmart, Inc. and was an invited guest on said premises.

7. The Plaintiff Kathy L. Dolphy was employed by Crossmark Inc. on or about February 04, 2017.

8. As part of her employment responsibilities with Crossmark Inc., the Plaintiff Kathy L. Dolphy was handing out food samples to patrons of the Defendant Walmart, Inc.

9. During her course and scope of her employment with Crossmark Inc. the Plaintiff Kathy L. Dolphy was directed by the Defendant Walmart, Inc. to a back-room storage area in order to obtain more food samples.

10. While in the back-room food storage area, an employee of Walmart, Inc. was operating a forklift.

11. The employee of Walmart, Inc. while operating his forklift hit a stacked row of pallets thereby causing the pallets to fall on the Plaintiff Kathy L. Dolphy. This caused great bodily harm to the Plaintiff Kathy L. Dolphy.

12. That at the time and place aforesaid the Defendant Walmart, Inc. through its agents, servants and employees, was guilty of one some or all of the following negligent acts and/or omissions:

A. Negligently and carelessly maintained a dangerous stack of pallets on the Defendant's premises.

B. Negligently and carelessly failed to warn the Plaintiff Kathy L. Dolphy that she was being directed to a dangerous location.

C. Negligently and carelessly failed to post any warning signs at or near the stack of pallets.

D. Negligently and carelessly directed the Plaintiff Kathy L. Dolphy to walk in an area that was dangerous due to stack of pallets.

E. Negligently and carelessly allowed an employee to operate his forklift in reckless and/or negligent manner.

13. That at the time and place aforesaid the agents, servants and employees of the Defendant Walmart, Inc. were acting within the course and scope of their employment.

14. That at all times relevant herein the Defendant Walmart, Inc. had a duty to maintain their premises in a safe and reasonable condition which included but not limited to not stacking pallets in an unsafe manner and not to allow employees to operate forklifts in an unsafe, negligent and unreasonable manner.

15. That as a direct and proximate result of one, some or all of the aforementioned negligent act and/or omissions the Plaintiff Kathy L. Dolphy was caused to be hit by falling pallets causing her to injure and break her left right knee and other internal and external organs, the Plaintiff Kathy L. Dolphy was required to and did spend divers sums on hospitals and physicians in curing herself and will in the future be required to spend divers sums on hospitals and physicians in curing herself, the Plaintiff Kathy L. Dolphy sustained great pain and mental anguish, and will in the future sustain great pain and mental anguish the Plaintiff Kathy L. Dolphy has sustained permanent injuries to her right knee and other internal and external organs, the Plaintiff Kathy L. Dolphy has missed numerous working days and will in the future miss numerous working days, all to her

permanent detriment in the sum in the excess of $50,000.00 dollars, plus costs of the suit.

WHEREFORE, for all the aforementioned reasons, the Plaintiff Kathy L. Dolphy prays for a judgment against the Defendant Walmart, Inc. in a sum in the excess of $50,000.00 dollars plus, cost of this suit and for any other matters the Court deems just and equitable.

Gary A. Mack #6205039
Attorney for the Plaintiff

Law Offices of Gary A. Mack P.C.
10 South Jackson Street
Suite 300-A
Belleville, Illinois 62220
618-236-2760-phone
618-767-6871-fax

## Count II

COMES NOW the Plaintiff Kathy L. Dolphy by and through her attorney Gary A. Mack and for Count II her cause of action against the Defendant Sam's Club states to the Court as follows:

1. That on or about February 04, 2017 the Plaintiff Kathy L. Dolphy is and was at all times mentioned herein, a resident of St. Clair County and the state of Illinois.

2. That on or about February 04, 2017 the Plaintiff Kathy L. Dolphy was an invited guest at the Defendant Sam's Club's premises located at 1530 West Highway 50 in the city of O'Fallon county of St. Clair, state of Illinois.

4. That on or about February 04, 2017 the Defendant Sam's Club owed and/or maintained a retail store located at 1530 West Highway 50 in the city of O'Fallon county of St. Clair, state of Illinois.

5. That at the time and place aforesaid, the Defendant Sam's Club was and is a foreign corporation licensed to do business in the state of Illinois. The Defendant Sam's Club is doing and conducting business in the county of St. Clair, Illinois.

6. That at the aforementioned time and place the Plaintiff Kathy L. Dolphy was lawfully on the premises of the Defendant Sam's Club and was an invited guest on said premises.

7. The Plaintiff Kathy L. Dolphy was employed by Crossmark Inc. on or about February 04, 2017.

8. As part of her employment responsibilities with Crossmark Inc., the Plaintiff Kathy L. Dolphy was handing out food samples to patrons of the Defendant Sam's Club.

9. During her course and scope of her employment with Crossmark Inc. the Plaintiff Kathy L. Dolphy was directed by the Defendant Sam's Club to a back-room storage area in order to obtain more food samples.

10. While in the back-room food storage area, an employee of Defendant Sam's Club. was operating a forklift.

11. The employee of Defendant Sam's Club. while operating his forklift  hit a stacked row of pallets thereby causing the pallets to fall on the Plaintiff Kathy L. Dolphy. This caused great bodily harm to the Plaintiff Kathy L. Dolphy.

12. That at the time and place aforesaid the Defendant Sam's Club through its agents, servants and employees, was guilty of one some or all of the following negligent acts and/or omissions:

    A. Negligently and carelessly maintained a dangerous stack of pallets on the Defendant's premises.
    B. Negligently and carelessly failed to warn the Plaintiff Kathy D. Dolphy that she

was being directed to a dangerous location.

C. Negligently and carelessly failed to post any warning signs at or near the stack of pallets.

D. Negligently and carelessly directed the Plaintiff Kathy L. Dolphy to walk in an area that was dangerous due to stack of pallets.

E. Negligently and carelessly allowed an employee to operate his forklift in reckless and/or negligent manner.

13. That at the time and place aforesaid the agents, servants and employees of the Defendant Sam's Club were acting within the course and scope of their employment.

14. That at all times relevant herein the Defendant Sam's Club had a duty to maintain their premises in a safe and reasonable condition which included but not limited to not stacking pallets in an unsafe manner and not to allow employees to operate forklifts in an unsafe, negligent and unreasonable manner.

15. That as a direct and proximate result of one, some or all of the aforementioned negligent act and/or omissions the Plaintiff Kathy L. Dolphy was caused to be hit by falling pallets causing her to injure and break her left right knee and other internal and external organs, the Plaintiff Kathy L. Dolphy was required to and did spend divers sums on hospitals and physicians in curing herself and will in the future be required to spend divers sums on hospitals and physicians in curing herself, the Plaintiff Kathy L. Dolphy sustained great pain and mental anguish, and will in the future sustain great pain and mental anguish the Plaintiff Kathy L. Dolphy has sustained permanent injuries to her right knee and other internal and external organs, the Plaintiff Kathy L. Dolphy has missed numerous working days and will in the future miss numerous working days, all to her permanent detriment in the sum in the excess of $50,000.00 dollars, plus costs of the suit.

WHEREFORE, for all the aforementioned reasons, the Plaintiff Kathy L. Dolphy prays for a judgment against the Defendant Sam's Club in a sum in the excess of $50,000.00 dollars plus, cost of this suit and for any other matters the Court deems just and equitable.

Gary A. Mack #6205039
Attorney for the Plaintiff

Law Offices of Gary A. Mack P.C.
10 South Jackson Street
Suite 300-A
Belleville, Illinois 62220
618-236-2760-phone
618-767-6871-fax

**Count III**

COMES NOW the Plaintiff Kathy L. Dolphy by and through her attorney Gary A. Mack and for Count III her cause of action against the Defendant Walmart, Inc d/b/a Sam's Club states to the Court as follows:

1. That on or about February 04, 2017 the Plaintiff Kathy L. Dolphy is and was at all times mentioned herein, a resident of St. Clair County and the state of Illinois.

2. That on or about February 04, 2017 the Plaintiff Kathy L. Dolphy was an invited guest at the Defendant Walmart, Inc. d/b/a Sam's Club's premises located at 1530 West Highway 50 in the city of O'Fallon county of St. Clair, state of Illinois.

4. That on or about February 04, 2017 the Defendant Walmart, Inc. d/b/a Sam's Club owed and/or maintained a retail store located at 1530 West Highway 50 in the city of O'Fallon county of St. Clair, state of Illinois.

5. That at the time and place aforesaid, the Defendant Walmart Inc. d/b/a Sam's Club was

and is a foreign corporation licensed to do business in the state of Illinois. The Defendant Walmart, Inc d/b/a Sam's Club is doing and conducting business in the county of St. Clair, Illinois.

6. That at the aforementioned time and place the Plaintiff Kathy L. Dolphy was lawfully on the premises of the Defendant Walmart, Inc. d/b/a Sam's Club and was an invited guest on said premises.

7. The Plaintiff Kathy L. Dolphy was employed by Crossmark Inc. on or about February 04, 2017.

8. As part of her employment responsibilities with Crossmark Inc., the Plaintiff Kathy L. Dolphy was handing out food samples to patrons of the Defendant Walmart, Inc. d/b/a Sam's Club.

9. During her course and scope of her employment with Crossmark Inc. the Plaintiff Kathy L. Dolphy was directed by the Defendant Walmart, Inc. d/b/a Sam's Club to a back-room storage area in order to obtain more food samples.

10. While in the back-room food storage area, an employee of Defendant Walmart, Inc. d/b/a Sam's Club was operating a forklift.

11. The employee of Defendant Walmart Inc. d/b/a Sam's Club while operating his forklift hit a stacked row of pallets thereby causing the pallets to fall on the Plaintiff Kathy L. Dolphy. This caused great bodily harm to the Plaintiff Kathy L. Dolphy.

12. That at the time and place aforesaid the Defendant Walmart, Inc. d/b/a Sam's Club through its agents, servants and employees, was guilty of one some or all of the following negligent acts and/or omissions:

A. Negligently and carelessly maintained a dangerous stack of pallets on the Defendant's premises.

B. Negligently and carelessly failed to warn the Plaintiff Kathy D. Dolphy that she was being directed to a dangerous location.

C. Negligently and carelessly failed to post any warning signs at or near the stack of pallets.

C. Negligently and carelessly directed the Plaintiff Kathy L. Dolphy to walk in an area that was dangerous due to stack of pallets.

D. Negligently and carelessly allowed an employee to operate his forklift in reckless and/or negligent manner.

13. That at the time and place aforesaid the agents, servants and employees of the Defendant Walmart, Inc. d/b/a Sam's Club were acting within the course and scope of their employment.

14. That at all times relevant herein the Defendant Walmart, Inc d/b/a Sam's Club. had a duty to maintain their premises in a safe and reasonable condition which included but not limited to not stacking pallets in an unsafe manner and not to allow employees to operate forklifts in an unsafe, negligent and unreasonable manner.

15. That as a direct and proximate result of one, some or all of the aforementioned negligent act and/or omissions the Plaintiff Kathy L. Dolphy was caused to be hit by falling pallets causing her to injure and break her left right knee and other internal and external organs, the Plaintiff Kathy L. Dolphy was required to and did spend divers sums on hospitals and physicians in curing herself and will in the future be required to spend divers sums on hospitals and physicians in curing herself, the Plaintiff Kathy L. Dolphy sustained great pain and mental anguish, and will in the future sustain great pain and mental anguish the Plaintiff Kathy L. Dolphy has sustained permanent injuries to her right knee and other internal and external organs, the Plaintiff Kathy L. Dolphy has missed numerous working days and will in the future miss numerous working days, all to her

permanent detriment in the sum in the excess of $50,000.00 dollars, plus costs of the suit.

WHEREFORE, for all the aforementioned reasons, the Plaintiff Kathy L. Dolphy prays

for a judgment against the Defendant Walmart, Inc. d/b/a Sam's Club in a sum in the excess of

$50,000.00 dollars plus cost of this suit and for any other matters the Court deems just and

equitable.

Gary A. Mack #6205039
Attorney for the Plaintiff

Law Offices of Gary A. Mack P.C.
10 South Jackson Street
Suite 300-A
Belleville, Illinois 62220
618-236-2760-phone
618-767-6871-fax

## Count IV

COMES NOW the Plaintiff Kathy L. Dolphy by and through her attorney Gary A.

Mack and for Count IV her cause of action against the Defendant Walmart Super Center

states to the Court as follows:

1. That on or about February 04, 2017 the Plaintiff Kathy L. Dolphy is and was at all times

mentioned herein, a resident of St. Clair County and the state of Illinois.

2. That on or about February 04, 2017 the Plaintiff Kathy L. Dolphy was an

invited guest at the Defendant Walmart Super Center premises located at 1530

West Highway 50 in the city of O'Fallon county of St. Clair, state of Illinois.

3. That on or about February 04, 2017 the Defendant Walmart Super Center

owed and/or maintained a retail store located at 1530 West Highway 50 in the city of

O'Fallon county of St. Clair, state of Illinois.

5. That at the time and place aforesaid, the Defendant Walmart Super Center was and is a foreign corporation licensed to do business in the state of Illinois. The Defendant Walmart Super Center is doing and conducting business in the county of St. Clair, Illinois.

6. That at the aforementioned time and place the Plaintiff Kathy L. Dolphy was lawfully on the premises of the Defendant Walmart Super Center and was an invited guest on said premises.

7. The Plaintiff Kathy L. Dolphy was employed by Crossmark Inc. on or about February 04, 2017.

8. As part of her employment responsibilities with Crossmark Inc., the Plaintiff Kathy L. Dolphy was handing out food samples to patrons of the Defendant Walmart Super Center.

9. During her course and scope of her employment with Crossmark Inc. the Plaintiff Kathy L. Dolphy was directed by the Defendant Walmart Super Center to a back-room storage area in order to obtain more food samples.

10. While in the back-room food storage area, an employee of Walmart Super Center was operating a forklift.

11. The employee of Defendant Walmart Super Center while operating his forklift hit a stacked row of pallets thereby causing the pallets to fall on the Plaintiff Kathy L. Dolphy. This caused great bodily harm to the Plaintiff Kathy L. Dolphy.

12. That at the time and place aforesaid the Defendant Walmart Super Center through its agents, servants and employees, was guilty of one some or all of the following negligent acts and/or omissions:

A. Negligently and carelessly maintained a dangerous stack of pallets on the Defendant's premises.

B. Negligently and carelessly failed to warn the Plaintiff Kathy L. Dolphy that she was being directed to a dangerous location.

C. Negligently and carelessly failed to post any warning signs at or near the stack of pallets.

C. Negligently and carelessly directed the Plaintiff Kathy L. Dolphy to walk in an area that was dangerous due to stack of pallets.

D. Negligently and carelessly allowed an employee to operate his forklift in reckless and/or negligent manner.

13. That at the time and place aforesaid the agents, servants and employees of the Defendant Walmart Super Center were acting within the course and scope of their employment.

14. That at all times relevant herein the Defendant Walmart Super Center had a duty to maintain their premises in a safe and reasonable condition which included but not limited to not stacking pallets in an unsafe manner and not to allow employees to operate forklifts in an unsafe, negligent and unreasonable manner.

15. That as a direct and proximate result of one, some or all of the aforementioned negligent act and/or omissions the Plaintiff Kathy L. Dolphy was caused to be hit by falling pallets causing her to injure and break her left right knee and other internal and external organs the Plaintiff Kathy L. Dolphy was required to and did spend divers sums on hospitals and physicians in curing herself and will in the future be required to spend divers sums on hospitals and physicians in curing herself, the Plaintiff Kathy L. Dolphy sustained great pain and mental anguish, and will in the future sustain great pain and mental anguish the Plaintiff Kathy L. Dolphy has sustained permanent injuries to her right knee and other internal and external organs, the Plaintiff Kathy L. Dolphy has missed numerous working days and will in the future miss numerous working days, all to her

permanent detriment in the sum in the excess of $50,000.00 dollars, plus costs of the suit.

WHEREFORE, for all the aforementioned reasons, the Plaintiff Kathy L. Dolphy prays

for a judgment against the Defendant Walmart Super Center in a sum in the excess of $50,000.00

dollars plus cost of this suit and for any other matters the Court deems just and equitable.

Gary A. Mack #6205039
Attorney for the Plaintiff

Law Offices of Gary A. Mack P.C.
10 South Jackson Street
Suite 300-A
Belleville, Illinois 62220
618-236-2760-phone
618-767-6871-fax

## Count V

COMES NOW the Plaintiff Kathy L. Dolphy by and through her attorney Gary A.

Mack and for Count V her cause of action against the Defendant Wal-Mart Super Center

states to the Court as follows:

1. That on or about February 04, 2017 the Plaintiff Kathy L. Dolphy is and was at all times

mentioned herein, a resident of St. Clair County and the state of Illinois.

2. That on or about February 04, 2017 the Plaintiff Kathy L. Dolphy was an

invited guest at the Defendant Wal-Mart Super Center premises located at 1530

West Highway 50 in the city of O'Fallon county of St. Clair, state of Illinois.

3. That on or about February 04, 2017 the Defendant Wal-Mart Super Center

owed and/or maintained a retail store located at 1530 West Highway 50 in the city of

O'Fallon county of St. Clair, state of Illinois.

5. That at the time and place aforesaid, the Defendant Wal-Mart Super Center was and is a foreign corporation licensed to do business in the state of Illinois. The Defendant Wal-Mart Super Center is doing and conducting business in the county of St. Clair, Illinois.

6. That at the aforementioned time and place the Plaintiff Kathy L. Dolphy was lawfully on the premises of the Defendant Wal-Mart Super Center and was an invited guest on said premises.

7. The Plaintiff Kathy L. Dolphy was employed by Crossmark Inc. on or about February 04, 2017.

8. As part of her employment responsibilities with Crossmark Inc., the Plaintiff Kathy L. Dolphy was handing out food samples to patrons of the Defendant Wal-Mart Super Center.

9. During her course and scope of her employment with Crossmark Inc. the Plaintiff Kathy L. Dolphy was directed by the Defendant Wal-Mart Super Center to a back-room storage area in order to obtain more food samples.

10. While in the back-room food storage area, an employee of Wal-Mart Super Center was operating a forklift.

11. The employee of Wal-Mart Super Center while operating his forklift hit a stacked row of pallets thereby causing the pallets to fall on the Plaintiff Kathy L. Dolphy. This caused great bodily harm to the Plaintiff Kathy L. Dolphy.

12. That at the time and place aforesaid the Defendant Wal-Mart Super Center through its agents, servants and employees, was guilty of one some or all of the following negligent

acts and/or omissions:

> A. Negligently and carelessly maintained a dangerous stack of pallets on the Defendant's premises.
> B. Negligently and carelessly failed to warn the Plaintiff Kathy L. Dolphy that she was being directed to a dangerous location.
> C. Negligently and carelessly failed to post any warning signs at or near the stack of pallets.
> C. Negligently and carelessly directed the Plaintiff Kathy L. Dolphy to walk in an area that was dangerous due to stack of pallets.
> D. Negligently and carelessly allowed an employee to operate his forklift in reckless and/or negligent manner.

13. That at the time and place aforesaid the agents, servants and employees of the Defendant Wal-Mart Super Center acting within the course and scope of their employment.

14. That at all times relevant herein the Defendant Wal-Mart Super Center had a duty to maintain their premises in a safe and reasonable condition which included but not limited to not stacking pallets in an unsafe manner and not to allow employees to operate forklifts in an unsafe, negligent and unreasonable manner.

15. That as a direct and proximate result of one, some or all of the aforementioned negligent act and/or omissions the Plaintiff Kathy L. Dolphy was caused to be hit by falling pallets causing her to injure and break her left right knee and other internal and external organs, the Plaintiff Kathy L. Dolphy was required to and did spend divers sums on hospitals and physicians in curing herself and will in the future be required to spend divers sums on hospitals and physicians in curing herself, the Plaintiff Kathy L. Dolphy sustained great pain and mental anguish, and will in the future sustain great pain and mental anguish the Plaintiff Kathy L. Dolphy has sustained permanent injuries to her right knee and other internal and external organs, the Plaintiff Kathy L. Dolphy has missed

numerous working days and will in the future miss numerous working days, all to her

permanent detriment in the sum in the excess of $50,000.00 dollars, plus costs of the suit.

WHEREFORE, for all the aforementioned reasons, the Plaintiff Kathy L. Dolphy prays

for a judgment against the Defendant Wal-Mart Super Center in a sum in the excess of

$50,000.00 dollars plus cost of this suit and for any other matters the Court deems just and

equitable.

Gary A. Mack #6205039
Attorney for the Plaintiff

Law Offices of Gary A. Mack P.C.
10 South Jackson Street
Suite 300-A
Belleville, Illinois 62220
618-236-2760-phone
618-767-6871-fax

## Count VI

COMES NOW the Plaintiff Kathy L. Dolphy by and through her attorney Gary A.

Mack and for her Count VI cause of action against the Defendant Walmart, Inc. states to the

Court as follows:

1. That on or about February 04, 2017 the Plaintiff Kathy L. Dolphy is and was at all times

mentioned herein, a resident of St. Clair County and the state of Illinois.

2. That on or about February 04, 2017 the Plaintiff Kathy L. Dolphy was an

invited guest at the Defendant Walmart's premises located at 1530 West Highway

50 in the city of O'Fallon county of St. Clair, state of Illinois.

4. That on or about February 04, 2017  the Defendant Walmart owed and/or

maintained a retail store located at 1530 West Highway 50 in the city of O'Fallon

county of St. Clair, state of Illinois.

5. That at the time and place aforesaid, the Defendant Walmart was and is a foreign

corporation licensed to do business in the state of Illinois. The Defendant Walmart, Inc. is

doing and conducting business in the county of St. Clair, Illinois.

6. That at the aforementioned time and place the Plaintiff Kathy L. Dolphy was

lawfully on the premises of the Defendant Walmart and was an invited

guest on said premises.

7. The Plaintiff Kathy L. Dolphy was employed by Crossmark Inc. on or about February

04, 2017.

8. As part of her employment responsibilities with Crossmark Inc., the Plaintiff Kathy L.

Dolphy was handing out food samples to patrons of the Defendant Walmart

9. During her course and scope of her employment with Crossmark Inc. the Plaintiff

Kathy L. Dolphy was directed by the Defendant Walmart to a back-room storage

area in order to obtain more food samples.

10. While in the back-room food storage area, an employee of Walmart. was

operating a forklift.

11. The employee of Walmart, Inc. while operating his forklift  hit a stacked row of

pallets thereby causing the pallets to fall on the Plaintiff Kathy L. Dolphy. This caused

great bodily harm to the Plaintiff Kathy L. Dolphy.

12. That at the time and place aforesaid the Defendant Walmart through its

agents, servants and employees, was guilty of one some or all of the following negligent

acts and/or omissions:

> A. Negligently and carelessly maintained a dangerous stack of pallets on the Defendant's premises.
> B. Negligently and carelessly failed to warn the Plaintiff Kathy L. Dolphy that she was being directed to a dangerous location.
> C. Negligently and carelessly failed to post any warning signs at or near the stack of pallets.
> D. Negligently and carelessly directed the Plaintiff Kathy L. Dolphy to walk in an area that was dangerous due to stack of pallets.
> E. Negligently and carelessly allowed an employee to operate his forklift in reckless and/or negligent manner.

13. That at the time and place aforesaid the agents, servants and employees of the

Defendant Walmart were acting within the course and scope of

their employment.

14. That at all times relevant herein the Defendant Walmart had a duty to

maintain their premises in a safe and reasonable condition which included but not limited

to not stacking pallets in an unsafe manner and not to allow employees to operate forklifts

in an unsafe, negligent and unreasonable manner.

15. That as a direct and proximate result of one, some or all of the aforementioned

negligent act and/or omissions the Plaintiff Kathy L. Dolphy was caused to be hit by

falling pallets causing her to injure and break her left right knee and other internal and

external organs, the Plaintiff Kathy L. Dolphy was required to and did spend divers sums

on hospitals and physicians in curing herself and will in the future be required to spend

divers sums on hospitals and physicians in curing herself, the Plaintiff Kathy L. Dolphy

sustained great pain and mental anguish, and will in the future sustain great pain and

mental anguish the Plaintiff Kathy L. Dolphy has sustained permanent injuries to her right

knee and other internal and external organs, the Plaintiff Kathy L. Dolphy has missed

numerous working days and will in the future miss numerous working days, all to her

permanent detriment in the sum in the excess of $50,000.00 dollars, plus costs of the suit.

WHEREFORE, for all the aforementioned reasons, the Plaintiff Kathy L. Dolphy prays

for a judgment against the Defendant Walmart in a sum in the excess of $50,000.00 dollars

plus, cost of this suit and for any other matters the Court deems just and equitable.

_____
Gary A. Mack #6205039
Attorney for the Plaintiff


Law Offices of Gary A. Mack P.C.
10 South Jackson Street
Suite 300-A
Belleville, Illinois 62220
618-236-2760-phone
618-767-6871-fax


## VII

COMES NOW the Plaintiff Kathy L. Dolphy by and through her attorney Gary A.

Mack and for her Count I cause of action against the Defendant Wal-Mart Stores, Inc. states to

the Court as follows:

1. That on or about February 04, 2017 the Plaintiff Kathy L. Dolphy is and was at all times

mentioned herein, a resident of St. Clair County and the state of Illinois.

2. That on or about February 04, 2017 the Plaintiff Kathy L. Dolphy was an

invited guest at the Defendant Wal-Mart Stores, Inc.'s premises located at 1530 West

Highway 50 in the city of O'Fallon county of St. Clair, state of Illinois.

4. That on or about February 04, 2017 the Defendant Wal-Mart Stores, Inc. owed and/or

maintained a retail store located at 1530 West Highway 50 in the city of O'Fallon

county of St. Clair, state of Illinois.

5. That at the time and place aforesaid, the Defendant Wal-Mart Stores, Inc. was and is a foreign corporation licensed to do business in the state of Illinois. The Defendant Walmart, Inc. is doing and conducting business in the county of St. Clair, Illinois.

6. That at the aforementioned time and place the Plaintiff Kathy L. Dolphy was lawfully on the premises of the Defendant Wal-Mart Stores, Inc. and was an invited guest on said premises.

7. The Plaintiff Kathy L. Dolphy was employed by Crossmark Inc. on or about February 04, 2017.

8. As part of her employment responsibilities with Crossmark Inc., the Plaintiff Kathy L. Dolphy was handing out food samples to patrons of the Defendant Wal-Mart Stores, Inc.

9. During her course and scope of her employment with Crossmark Inc. the Plaintiff Kathy L. Dolphy was directed by the Defendant Wal-Mart Stores, Inc. to a back-room storage area in order to obtain more food samples.

10. While in the back-room food storage area, an employee of Wal-Mart Stores, Inc. was operating a forklift.

11. The employee of Wal-Mart Stores, Inc. while operating his forklift hit a stacked row of pallets thereby causing the pallets to fall on the Plaintiff Kathy L. Dolphy. This caused great bodily harm to the Plaintiff Kathy L. Dolphy.

12. That at the time and place aforesaid the Defendant Wal-Mart Stores, Inc. through its agents, servants and employees, was guilty of one some or all of the following negligent acts and/or omissions:

A. Negligently and carelessly maintained a dangerous stack of pallets on the Defendant's premises.

B. Negligently and carelessly failed to warn the Plaintiff Kathy L. Dolphy that she was being directed to a dangerous location.

C. Negligently and carelessly failed to post any warning signs at or near the stack of pallets.

D. Negligently and carelessly directed the Plaintiff Kathy L. Dolphy to walk in an area that was dangerous due to stack of pallets.

E. Negligently and carelessly allowed an employee to operate his forklift in reckless and/or negligent manner.

13. That at the time and place aforesaid the agents, servants and employees of the Defendant Wal-Mart Stores, Inc. were acting within the course and scope of their employment.

14. That at all times relevant herein the Defendant Wal-Mart Stores, Inc. had a duty to maintain their premises in a safe and reasonable condition which included but not limited to not stacking pallets in an unsafe manner and not to allow employees to operate forklifts in an unsafe, negligent and unreasonable manner.

15. That as a direct and proximate result of one, some or all of the aforementioned negligent act and/or omissions the Plaintiff Kathy L. Dolphy was caused to be hit by falling pallets causing her to injure and break her left right knee and other internal and external organs, the Plaintiff Kathy L. Dolphy was required to and did spend divers sums on hospitals and physicians in curing herself and will in the future be required to spend divers sums on hospitals and physicians in curing herself, the Plaintiff Kathy L. Dolphy sustained great pain and mental anguish, and will in the future sustain great pain and mental anguish the Plaintiff Kathy L. Dolphy has sustained permanent injuries to her right knee and other internal and external organs, the Plaintiff Kathy L. Dolphy has missed numerous working days and will in the future miss numerous working days, all to her

permanent detriment in the sum in the excess of $50,000.00 dollars, plus costs of the suit.

WHEREFORE, for all the aforementioned reasons, the Plaintiff Kathy L. Dolphy prays

for a judgment against the Defendant Wal-Mart Stores, Inc. in a sum in the excess of $50,000.00

dollars plus, cost of this suit and for any other matters the Court deems just and equitable.

Gary A. Mack #6205039
Attorney for the Plaintiff

Law Offices of Gary A. Mack P.C.
10 South Jackson Street
Suite 300-A
Belleville, Illinois 62220
618-236-2760-phone
618-767-6871-Fax

IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

KATHY L. DOLPHY                    )
                                   )
            PLAINTIFF              )
                                   )
VS                                 )
                                   )
                                   )     NO.
                                   )
WALMART INC. ET AL                 )
DEFENDANTS                         )

## AFFIDAVIT

    This Affidavit is made pursuant to Supreme Court Rule 222(b). Under the penalties of perjury as provided by Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the money damages sought by the Plaintiff herein does exceed $50,000.00.

Gary A. Mack #6205039
Attorney for the Plaintiff

Law Offices of Gary A. Mack P.C.
10 South Jackson Street
Suite 300-A
Belleville, Illinois 62220
618-236-2760-phone
618-767-6871-fax